MEMORANDUM OPINION

No. 04-04-00252-CR

Ronald Marvin AYERS,
Appellant

v.

The STATE of Texas,
Appellee

From the County Court at Law Number 5, Bexar County, Texas
Trial Court No. 839667
Honorable Claude Davis, Judge Presiding
 
Opinion by:    Alma L. López, Chief Justice
 
Sitting:            Alma L. López, Chief Justice
Karen Angelini, Justice
Phylis J. Speedlin, Justice

Delivered and Filed:   May 4, 2005

AFFIRMED
            A jury found Ronald Marvin Ayers guilty of failure to comply with a fire marshal’s order. 
The trial court assessed punishment at 180 days in jail, probated for one year, and a $2,000 fine, of
which $1,700 was probated. Ayers presents three issues on appeal: (1) the evidence is legally
insufficient to support his conviction; (2) the evidence is factually insufficient to support his
conviction; and (3) the trial court erred in denying Ayers’s request for a mistrial after the State made
an improper jury argument. We affirm the judgment of the trial court.
Background
            On May 15, 2002, Inspector Kevin Walton of the Bexar County Fire Marshal’s Office
responded to a complaint concerning the conditions at 26026 Goldfinch Trail, a property owned by
Ayers. Walton testified that while at the property, he observed several vehicles parked in the
driveway that were full of boxes and other combustible items. Walton also noted that the entryways
of the house were nearly impassable and that six or seven feet of stacked boxes, sacks, cans, and
different items extended several feet into the lawn and along a narrow walkway. Walton
characterized the conditions as unsafe and a fire hazard. Walton also indicated that the conditions
on the property posed a risk not only to neighboring homes but also to emergency personnel who
would have to respond to the property.
            The same day of his investigation, Walton prepared a report and issued a Notice of
Violations, which detailed the various hazards and described them as dangerous storage. The Notice
included instructions for corrective action to be taken by June 7, 2002. Walton left a copy of the
Notice in the front door handle of the property and used certified mail to send Ayers a second copy,
which was signed for May 20, 2002.
            According to Walton, he spoke with Ayers on the telephone on May 21, 2002.


 Walton
testified that he told Ayers that if Ayers made a serious attempt toward compliance, Walton would
reinspect the property and speak with a superior concerning an extension of time. Walton again
inspected the property on June 10, 2002, finding that Ayers had made some progress in complying. 
Walton indicated, however, that the property was still hazardous. Walton testified that, at that time,
he told Ayers that he had an extension until July 15, 2002 to remove all the combustible material and
clean up the front and rear entryways. Walton testified that he was out of town for two weeks in
July, so he did not reinspect the property until July 30, 2002.
            On July 30, 2002, when Walton went to the property for reinspection, it appeared “that more
stuff had been brought in.” Additionally, no further progress had been made in either the front or
the back of the structure, and there was no evidence of progress in cleaning the balcony on the
second floor. The inspection report for July 30, 2002, indicates that “[l]ittle or no progress [has
been] made on abating dangerous storage hazards. Case will be filed with district attorney for
prosecution.” 
Sufficiency of the Evidence
            In his first and second issues, Ayers complains that the evidence adduced at trial is neither
legally nor factually sufficient to support his conviction. Ayers asserts that the evidence presented
at trial shows that the Fire Marshal orally extended the initial June 7, 2002 deadline to allow Ayers
to make progress toward compliance. Ayers also asserts that he made progress in complying with
the oral extension of the Fire Marshal’s notice. Ayers argues that no rational trier of fact could have
found that the State demonstrated beyond a reasonable doubt that Ayers failed to comply with the
notice given by the Fire Marshal. Ayers further argues that a review of all relevant evidence reveals
that the jury’s guilty verdict is manifestly unjust.
            In reviewing a legal sufficiency challenge, we view the evidence in the light most favorable
to the verdict, and determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979);
Wilson v. State, 7 S.W.3d 136, 141 (Tex. Crim. App. 1999). In conducting a factual sufficiency
review, we view all the evidence in a neutral light and will set aside the verdict only if the evidence
is so weak that the verdict is clearly wrong and manifestly unjust, or the contrary evidence is so
strong that the standard of proof beyond a reasonable doubt could not have been met. Escamilla v.
State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004) (citing Zuniga v. State, 144 S.W.3d 477, 481
(Tex. Crim. App. 2004)).
            When conducting either sufficiency review, we recognize that the jury may draw reasonable
inferences from the evidence before it. Jones v. State, 944 S.W.2d 642, 647-48 (Tex. Crim. App.
1996). The jury evaluates the credibility and demeanor of witnesses and determines the weight
afforded contradicting testimony. Cain v. State, 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997).
The jury may also choose to accept or reject any or all testimony of any witness. Williams v. State,
692 S.W.2d 671, 676 (Tex. Crim. App. 1984). We do not substitute our own judgment for that of
the jury. Jones, 944 S.W.2d at 648. Rather, we defer to the jury’s findings, particularly those based
on credibility determinations. Cain, 958 S.W.2d at 407-09.
            A person commits the offense of failure to comply with a fire marshal’s order if he was an
owner and occupant subject to an order issued under Section 352.016 of the Texas Local
Government Code, but failed to comply with the order. Tex. Loc. Gov’t Code Ann. § 352.022
(Vernon 1999). Evidence presented at trial shows that Ayers was subject to an order from the Fire
Marshal to correct hazardous conditions on his property where he was the owner and occupant, but
he failed to do so.
            Ayers testified that he had lived on the property since 1987 and for many years had organized
the donation of discarded items such as books, furniture, clothing, and household items to the needy,
thrift shops, and charities. Ayers indicated that items were moved on and off his property in a
cyclical pattern. Ayers asserts that when he first spoke with Walton on the telephone, the inspector
altered the original June 7, 2002 deadline, but did not set a new deadline. Ayers understood that he
must make progress on correcting the hazardous conditions, and he believed he had done so by
accelerating the removal of donated items. Ayers testified that he attempted to contact Walton by
phone, and last spoke with Walton on July 8, 2002. Ayers claimed that he had absolutely not been
informed of a new final deadline.
            Ayers argues that he was complying with the Fire Marshal’s order because he was making
progress at cleaning up the hazard. Ayers testified that he received no additional written or verbal
notice concerning deadlines, and he was not given notice that criminal charges could be filed on July
15, 2002. Ayers argues that the May 15 written order became null by the extension of the deadline,
and that he was only required to “show progress” to comply with the order. Walton, however,
testified that he did inform Ayers of the July 15 deadline and gave Ayers no indication that there
would be any extensions of the deadlines past that date.
            The jury was within its discretion as the trier of fact and the judge of the credibility of the
witnesses when it determined what weight to afford the testimony presented at trial; the jury could
choose to believe or disbelieve all or any part of the testimony presented by Ayers and Walton. We
defer to the jury’s evaluation of the credibility of witnesses in finding that the evidence is sufficient
to sustain Ayers’s conviction. Based on the record before us, and viewing it in the light most
favorable to the judgment, we conclude that a rational trier of fact could have found the essential
elements of failure to comply with a fire marshal’s order beyond a reasonable doubt. Further, after
reviewing the evidence in a neutral light, we do not find the verdict clearly wrong or manifestly
unjust. Nor do we find the contrary evidence presented by Ayers so strong that the standard of proof
beyond a reasonable doubt could not have been met by the State. Ayers’s first and second issues are
overruled.
Improper Jury Argument
            In his third issue, Ayers argues that the trial court erred in not granting a mistrial following
an improper jury argument by the State. During closing arguments, the State made the following
argument:
We have talked in voir dire about people with money trying to get away with things:
Martha Stewart, Worldcom, all these people with a lot of money, and they didn’t care
about anybody else that got hurt. I’ve got a lot of money, I’m going to pay an
attorney, I’m going to go to court and I’m going to get off of this.
Ayers objected to the argument as being a comment on his constitutional right to have a trial. The
State withdrew the statement, and the trial court sustained the objection. Ayers then moved for a
mistrial, which the trial court denied. The trial court immediately asked the jury to “disregard that
last part about having the money and having the trial.”
            The four areas of permissible prosecutorial argument during closing are summation of the
evidence, reasonable deduction from the evidence, answers to opposing counsel’s arguments, and
a plea for law enforcement. Richardson v. State, 879 S.W.2d 874, 881 (Tex. Crim. App. 1993). 
Even when an argument exceeds the permissible bounds of these areas, we will not find reversible
error unless, in light of the record as a whole, the argument is extreme or manifestly improper,
violative of a mandatory statute, or injects new facts harmful to the defendant into the proceeding. 
Westbrook v. State, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000). The State’s remarks must have
been a willful and calculated effort to deprive the defendant of a fair and impartial trial. Id. 
Generally, an instruction to disregard will cure this error. Id.
            Here, the State’s argument was clearly outside the bounds of permissible prosecutorial
closing argument. However, the trial court sustained Ayers’s objection and immediately instructed
the jury to disregard the State’s improper comments. We presume the jury complied with the trial
court’s instructions. See Colburn v. State, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998). When the
trial court has given an instruction to disregard, only an offensive or flagrant error warrants reversal. 
Westbrook, 29 S.W.3d at 116. Although the State’s comments were improper, when viewed in light
of the record as a whole, the remarks do not demonstrate any willful or calculated effort on the part
of the State to deprive Ayers of a fair and impartial trial. Nor were the State’s comments so flagrant
or offensive that the trial court’s instruction to disregard was ineffective. Id. at 116. Any harm from
the State’s improper argument was cured by the prompt instruction to the jury to disregard the
comments. See Moore v. State, 999 S.W.2d 385, 405-06 (Tex. Crim. App. 1999). Thus, the trial
court did not abuse its discretion in denying Ayers’s motion for a mistrial.
Conclusion
            Having overruled each of Ayers’s issues, we affirm the judgment of the trial court.
 
Alma L. López, Chief Justice

Do Not Publish